UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JONATHAN DOVIN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:14-cv-403-SPM |
| LAURENT JAVOIS, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Jonathan Dovin's ("Petitioner's") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) (Doc. 10). For the following reasons, the petition will be dismissed without prejudice.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

In October 2005, Petitioner was charged with attempted murder in the first degree, domestic assault in the first degree, and felonious restraint. Resp't Ex. B, at 1. He pled not guilty by reason of mental disease or defect, and he was acquitted on the ground of mental disease or defect excluding responsibility, pursuant to Mo. Rev. Stat. § 552.030.2. Resp't Ex. C. On May 24, 2007, the trial court committed him to the care of the Missouri Department of Mental Health. *Id*. On November 26, 2008, Petitioner filed motions for conditional and unconditional release. Resp't Ex. B, at 6. On May 23, 2011, after a hearing, the motion for conditional release was granted. Resp't Ex. B, at 2-3; Resp't Ex. D. The conditional release was revoked on June 11, 2012. Resp't Ex. B, at 2. On June 18, 2012, Plaintiff filed a motion for conditional release, and on March 5,

2013, Petitioner filed a motion for unconditional release. *Id.* at 1-2. There is no indication in the record of any further rulings or appeals. *Id.*

In the instant petition, Petitioner asserts four claims: (1) ineffective assistance of counsel based on his counsel's failure to advise him of the consequences of an insanity plea and the failure to pursue defenses other than an insanity plea; (2) violation of his right to equal protection under the Fourteenth Amendment in that he should never have been acquitted because at the time of the offense he was suffering from the effects of drugs, not schizophrenia; (3) violation of his rights under the Fourteenth Amendment because his misdiagnosis "means the state enforced a law that abridged [his] right to be liable for a criminal act"; and (4) violation of his Eighth Amendment rights because in 2011 he was given a diagnosis of drug-induced psychosis, he does not suffer from a mental disease or defect, and it is cruel and unusual punishment to detain him in a system that is designed for the rehabilitation of individuals with mental diseases or defects. Petitioner asks the Court to vacate his not guilty by reason of insanity plea and discharge him from his commitment to the Department of Mental Health. In his petition, Petitioner states that he has not presented any of his grounds for relief to any court. *See* Pet'n, at 11.

## II.    DISCUSSION

Respondent argues that the petition should be dismissed because Petitioner has failed to exhaust his available state court remedies. The Court agrees.

Title 28 U.S.C. § 2254(b)(1) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges

to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001). "The exhaustion rule promotes comity in that 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" *Id.* at 179 (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)). The requirement prevents a federal court from granting a habeas petition based on a constitutional violation that could be redressed adequately by pursuing an avenue of state relief "still open to the habeas applicant at the time he files his application in federal court." *Humphrey v. Cady*, 405 U.S. 504, 516 (1972).

Although most of the cases defining the contours of the exhaustion requirement arise from challenges to state custody following criminal conviction, the Supreme Court's holding that to satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment, *see Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

In Grounds One through Three, Petitioner appears to be asserting that his original commitment violated his constitutional rights. To the extent that Petitioner is asserting that his original commitment to the custody of the Missouri Department of Mental Health violated his constitutional rights, the proper procedure under Missouri law is for him to file a state habeas petition pursuant to Missouri Supreme Court Rule 91. *See State v. Oxenhandler*, 491 S.W.3d 576, 592-93 (Mo. Ct. App. 2016) ("Where an accused complains that his commitment pursuant to section 552.040 violates due process, a writ of habeas corpus [under Rule 91] is the appropriate

remedy, as habeas corpus affords redress for unlawful restraints of liberty.); *State v. McKee*, 39 S.W.3d 565, 569 n.6 (Mo. Ct. App. 2001) ("[H]abeas corpus [under Rule 91] is available as a remedy for a person confined pursuant to Chapter 552 procedures if an application therefor is properly pleaded, filed in a court having jurisdiction, and facts are proven showing entitlement to relief."). Petitioner acknowledges in his petition that he has not presented his claims to any court, and he has not filed any reply brief or supplementary memorandum indicating that he has filed a state habeas petition. In addition, this Court has reviewed the docket on Missouri Case.net, and it does not appear that Petitioner has filed a state habeas petition. Petitioner also offers no reason why he cannot now present these claims through a state habeas petition. Thus, Petitioner has not exhausted his available state remedies as to Grounds One through Three.

In Ground Four, it appears that Petitioner is not challenging the validity of his confinement, but rather is asserting that because of the 2011 change in his diagnosis, his continued confinement violates his constitutional rights. Under Missouri law, a committed person who claims that he is no longer suffering from a mental disease or defect that renders him dangerous to himself or others may file an application for conditional or unconditional release pursuant to Mo. Rev. Stat. § 552.040. *See* Mo. Rev. Stat. §§ 552.040.5, 552.040.10; *State v. Weekly*, 107 S.W.3d 340, 345-46 (Mo. Ct. App. 2003). If the application is denied, the committed person may apply for release again a year later. Mo. Rev. Stat §§ 552.040.8, 552.040.13. "To satisfy the exhaustion requirement [for purposes of federal habeas], a person confined in the Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus." *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991). If the application is denied, "the confined person

must appeal to the Missouri Court of Appeals." *Id.* [1] "This process must be completely followed once to exhaust state remedies." *Id.*

Petitioner has not followed this process. Although it appears that Petitioner has filed an application for release, it is unclear what grounds that application was based on, and neither the petition nor the exhibits submitted by Respondent indicate whether that application has been denied. Petitioner does not assert that any application has been denied or that he has appealed any such denial. In addition, a review of the docket on Missouri Case.Net shows that Petitioner has not appealed the denial of any application for release. Additionally, Petitioner offers no reason why he cannot continue to pursue an application for release (and, if necessary, an appeal) through the state procedure. Thus, Petitioner has failed to exhaust his available state remedies as to Ground Four.

### III. CONCLUSION

For all of the above reasons, Petitioner has not exhausted his available state remedies, and the Court may not grant relief on the petition. Accordingly,

---

[1] *Kolocotronis* goes on to hold that "if unsuccessful [in the Missouri Court of Appeals], [the confined person must] apply for transfer to the Missouri Supreme Court," *id.*, based on *Jones v. Ritterbusch,* 548 F. Supp. 89, 90 (W.D. Mo. 1982). In 2001, after both *Kolocotronis* and *Jones* were decided, the Missouri Supreme Court amended Supreme Court Rule 83.04 to provide that "[t]ransfer by this Court is an extraordinary remedy that is not part of the standard review process for purposes of federal habeas corpus review." *See Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002). Following this amendment, the Eighth Circuit has held that it is not necessary to apply for transfer to the Missouri Supreme Court to exhaust state remedies for purposes of § 2254. *See id.*

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED**, without prejudice. An Order of Dismissal will accompany this Memorandum and Order.

                                                      SHIRLEY PADMORE MENSAH
                                                      UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of March, 2017.